PER CURIAM.
Appellant was charged as a principal for his part in an armed robbery that was physically committed by another. Following a jury trial, appellant was convicted, sentenced, and subsequently ordered to pay restitution. On appeal, he argues (1) that the evidence was insufficient to establish his participation and criminal intent, and (2) that restitution was imposed without a hearing and for losses not attributable to the charged robbery of a convenience store. We affirm in part and reverse in part.
Because competent substantial evidence supports the jury’s verdict, we affirm the convictions without further elaboration. As to the other issue, the state correctly concedes error in the imposition of restitution without a hearing. See Laster v. State, 587 So.2d 674 (Fla. 1st DCA 1991). Consequently, we must vacate the restitution order and remand the case for a hearing pursuant to section 775.089, Florida Statutes (1989). On remand, restitution should only be imposed for losses attributable to the convenience store robbery.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, MINER and WEBSTER, JJ., concur.